## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIANA MEY, individually and on behalf of
all others similarly situated,

      Plaintiff,                             NO.

      v.                                   <u>JURY TRIAL DEMAND</u>

WPA INTELLIGENCE,

      Defendant.

## **CLASS ACTION COMPLAINT**

### **Preliminary Statement**

1. Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telephone practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telephone and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed telephone calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

4. Plaintiff alleges that WPA Intelligence made automated telephone calls to her despite the fact that WPA lacked valid consent, and despite the fact that her number was on the National Do Not Call Registry.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

5. Because the call to Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telephone call.

6. A class action is the best means of obtaining redress for the Defendant's illegal telephone calls, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Diana Mey lives in Wheeling, West Virginia.

8. Defendant WPA has its headquarters in this District, with its principal place of business at 324 Second Street, SE, Washington, DC 20003.

## Jurisdiction & Venue

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5 million, exclusive of interest and costs, as each member of the proposed class of at least tens of thousands is entitled to up to $1,500 in statutory damages for each illegal call. Further, Plaintiff seeks certification of a national class, which will likely result in at least one class member from a different state.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

11. This Court has personal jurisdiction over Defendant because it operates, conducts, engages in, and/or carries on, business activities in this District.

12. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## TCPA Background

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telephone industry. In so doing, Congress recognized that "[u]nrestricted telephone calls . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and can be costly and inconvenient.

16. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telephone calls (or "robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telephone robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous

disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[…] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

18. Since 1998, WPA has provided research services. WPA's telephone efforts include the use of automated dialing equipment to send automated calls.

19. On June 1, 2017, the Plaintiff received a telephone call on her telephone assigned to a cellular service, (304) 280-XXXX.

20. Ms. Mey had registered this number on the National Do Not Call Registry prior to the call.

21. The call began with a distinctive click and pause after the Plaintiff answered.

22. When a representative finally appeared on the other end of the telephone, the representative informed Ms. Mey that the call has been made using an autodialer.

23. These facts, as well as the geographic distance between the Plaintiff and the Defendant and the fact that this call was part of a broad telephone campaign, demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

24. Plaintiff had never done business with WPA, and Plaintiff never gave WPA her cellular telephone number.

25. WPA did not have Plaintiff's prior express written consent to make this call.

26. Before filing this lawsuit, Plaintiff wrote to WPA to ask if it had prior express written consent to make the call. WPA provided no such evidence.

27. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was invaded.

28. Moreover, the calls injured Plaintiff and other recipients because the calls were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

29. As authorized by Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

30. The proposed class includes:

All persons within the United States to whom: (a) Defendant and/or a third party acting on its behalf made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

31. Excluded from the class are Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

32. The proposed class members are identifiable through phone records and phone number databases.

33. The automated technology used to contact Plaintiff is capable of contacting hundreds of thousands of people a day, and so the potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

34. Plaintiff is a member of the proposed class.

35. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether WPA used an automatic telephone dialing system to make the calls at issue;

    b. Whether WPA placed telephone calls without obtaining the recipients' valid prior express written consent;

    c. Whether WPA's violations of the TCPA were negligent, willful, or knowing; and

    d. Whether Plaintiff and the class members are entitled to statutory damages because of WPA's actions.

36. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system on a cellular telephone line.

37. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38. The actions of WPA are generally applicable to the class and to Plaintiff.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by WPA and/or its agents.

40. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

41. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Violation of the TCPA, 47 U.S.C. § 227(b)

42. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

43. The acts and omissions of WPA and/or its affiliates, agents, and other persons or entities acting on WPA's behalf violate the TCPA's ban on making calls, using ATDS, to the cellular telephone numbers of Plaintiff and members of the class.

44. As a result of these violations, Plaintiff and class members are entitled to an award of $500 in damages for each call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute. *See* 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and class members are also entitled to and seek injunctive relief prohibiting WPA and its affiliates, agents, and other persons or entities acting on WPA's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to

any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

46. Defendant's violations were negligent, willful, or knowing.

### Relief Sought

For herself and all class members, Plaintiff requests the following relief:

A. Certification of the proposed class;

B. Appointment of Plaintiff as representative of the class;

C. Appointment of the undersigned counsel as counsel for the class;

D. A declaration that WPA and its affiliates, agents, and other related entities' actions complained of herein violate the TCPA;

E. An order enjoining WPA and its affiliates, agents, and other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the class of all damages allowed by law;

G. Leave to amend this Complaint to conform to the evidence developed during discovery and presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

                Plaintiff,

                By Counsel.

__/s/Michael L. Murphy_____
Michael L. Murphy (DC Bar No. 480163)
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, D.C. 20007
Telephone:  (202) 463-2101
mmurphy@baileyglasser.com

John W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone:  (304) 345-6555
Facsimile:  (304) 342-1110
jbarrett@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

*All Counsel except Mr. Murphy appear pending pro hac vice admission.*